UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:14-CR-095 JD |
| | ) | |
| EDUARDO PEREZ-ROMERO | ) | |

**OPINION AND ORDER**

Defendant Eduardo Perez-Romero was convicted of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and was sentenced to the statutory minimum term of 60 months of imprisonment. Judgment was entered on July 16, 2015, and Mr. Perez-Romero did not appeal.

Mr. Perez-Romero has now filed a motion in which he seeks a sentence reduction under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). [DE 48]. Mr. Perez-Romero did not label his filing as a motion under 28 U.S.C. § 2255, but a petition under that section is the only avenue for seeking relief under *Johnson* and *Welch*. Accordingly, the Court notified Mr. Perez-Romero that it intended to construe his filing as a motion under § 2255. The Court also gave him the opportunity to either withdraw the motion or supplement it to include all claims he may wish to bring under § 2255, given the limitations on filing second or successive motions. Mr. Perez-Romero responded by asking to withdraw the motion so that he could first seek permission from the court of appeals to file a second or successive motion under § 2255. [DE 51].

That request appeared to be the product of confusion, since this would be Mr. Perez-Romero's first motion under § 2255. Thus, the Court notified Mr. Perez-Romero that he did not need any permission to file his present motion, and that the Court intended to construe that filing as a motion under § 2255 unless he withdrew or supplemented it by September 5, 2016. Mr.

Perez-Romero has not responded to that order. Since Mr. Perez-Romero has indicated that he wants to pursue his motion for relief under *Johnson* and *Welch*, and because he has not withdrawn the motion in response to the Court's most recent order, the Court CONSTRUES his filing [DE 48] as a motion under § 2255, and STRIKES his motion to withdraw. [DE 51].

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, it plainly appears that Mr. Perez-Romero is not entitled to relief, as his conviction and sentence were unaffected by *Johnson* and *Welch*, so the Court DISMISSES the motion.

Section 924(c), under which Mr. Perez-Romero was convicted, prohibits the possession of a firearm in furtherance of either a "drug trafficking crime" or a "crime of violence." 18 U.S.C. § 924(c). In *Johnson*, the Supreme Court invalidated a portion of the definition of the term "violent felony" under the Armed Career Criminal Act, which is similar to the definition of the term "crime of violence" under § 924(c). However, Mr. Perez-Romero's conviction under § 924(c) was for possessing a firearm in furtherance of a "drug trafficking crime"—his attempt to purchase two pounds of marijuana, which he intended to distribute—not a "crime of violence," and *Johnson* had no effect on the definition of a drug trafficking crime. Therefore, *Johnson* does not apply to Mr. Perez-Romero's conviction, so his motion must be dismissed. For those same reasons, the Court finds that the resolution of this motion is not debatable and that Mr. Perez-Romero's claim is not sufficient to deserve encouragement to proceed further, so the Court DENIES the issuance of a certificate of appealability.

The Court advises Mr. Perez-Romero that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Perez-Romero that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

SO ORDERED.

ENTERED: November 23, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court